**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**LARRY P. NUNNERY**          **CIVIL ACTION NO: _____**

**VERSUS**                    **JUDGE _____**

**CITY OF BOSSIER CITY**      **MAGISTRATE JUDGE _____**

<u>**COMPLAINT**</u>

This is a civil action against a municipal employer for damages arising from violations of constitutional and statutory rights.

**Petitioner is** Larry P. Nunnery ("Nunnery")  a person of the age of majority domiciled in Bossier Parish, Louisiana.   Nunnery is City of Bossier police officer whose employment was terminated without procedural due process and in violation of the statutory minimum standards applicable to disciplinary investigations of police civil servants.

**Defendant is:**

The **City of Bossier City**, a home rule chartered municipality organized under the laws of the State of Louisiana. The City of Bossier City is the former employer of Petitioner.

-1-

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331 to hear and decide Plaintiff's claims as one or more of the claims arises under the United States Constitution and laws of the United States.    Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1337  to hear and decide claims based on the same facts and circumstances arising under the Constitution and laws of Louisiana.

## VENUE

Venue is proper in this Court as the wrongful acts of which complaint is made occurred in Bossier Parish, Louisiana, within the jurisdiction of the Western District of Louisiana, Shreveport Division.

### FACTUAL BACKGROUND

1.

Larry P. Nunnery is employed as a patrol officer by the City of Bossier City.

2.

Nunnery was voluntarily hospitalized for the treatment of substance abuse.  He self-reported his situation to the Bossier Police Department.

3.

On May 23, 2008,  Nunnery entered into a substance abuse treatment agreement with the City of Bossier Police Department.

-2-

4.

Within hours of signing the agreement supervisors ordered Nunnery to submit to a urine drug test.

5.

On June 2, 2008, Nunnery was  summoned to the Police Chief's office, questioned about drug use, informed that the employer had received a report that the drug test was "positive" and that his employment was terminated immediately.

6.

The Defendant  did not give Nunnery written pre-termination notice of the grounds for termination.  He was not given a pre-disciplinary hearing where he could defend himself or explain the alleged positive drug test report.  He was not given an opportunity to obtain and review the drug testing records, as allowed by R.S. 49:1011,  prior to termination of his employment or to call witnesses or present other evidence in his defense that the drug test results were not accurate or that there were other mitigating circumstances justifying employment action less than termination.  There was no full recording of any pre-disciplinary interrogation.

**CLAIMS ASSERTED**

**Sources of Procedural Due Process Protections for Police Civil Servants**

7.

Plaintiff incorporates herein by reference as if set out in full the facts alleged in paragraphs 1 - 6, above.

8.

Nunnery's employment as a permanent classified employee in the fire and police civil service system was a property interest protected by the procedural due process provisions of Louisiana Constitution, Art. 1, §2, La. R.S. 42:2531, and  the Fourteenth Amendment to the United States Constitution.

9.

**Violations of Constitutional and Statutory Protections**

**Minium Standards for Pre-Disciplinary Investigation**

Louisiana has established minimum standards for the disciplinary investigations of fire and police employees.    The "minimum standards" statute, R.S. 42:2531, grants greater procedural protections to fire and police civil servants than the constitutional procedural due process protections contained in La. Const. Art 1, §2 and the Fourteenth Amendment to the United States Constitution.

10.

The City failed to adhere to the minimum standards.  The deficiencies included, but were not limited to:  failure to allow Nunnery to take notes; failure to identify the questioners and purpose of the interrogation; failure to allow Nunnery to have a representative or counsel present; failure to allow Nunnery to present witnesses in his defense; and failure to record in full Nunnery's statement.

11.

The Defendant's failure to adhere strictly to the statutory minimum standards for a disciplinary investigation before terminating Nunnery's employment renders the termination of his employment an absolute nullity.

-4-

12.

Nunnery seeks full "make whole" relief including reinstatement, back pay and back benefits, retirement system contributions, any interest that may be owed to secure reinstatement to the retirement system, reinstatement to medical benefits, the payment of any medical expenses incurred during the wrongful termination that would otherwise have been a covered medical expense, the payment of any medical expenses that may in the future be denied due to a lapse in medical coverage, reinstatement of sick leave and disability benefits and the payment of any sick leave and disability benefits for which Nunnery would have qualified and that would have been afforded to him had his employment not been terminated.

## Louisiana Constitution

13.

Louisiana law requires that a civil servant be given a detailed written statement of the charges against him, specifying every act or omission alleged to have been committed by the employee sufficient to justify potential discipline or termination.  The written notice must be given before a per-disciplinary conference is held.

14.

Nunnery was never provided a pre-termination written statement of the specific facts constituting the grounds for termination.  He was merely summoned to the Police Chief's office and informed that his employment was terminated because of a positive drug test (the results of which Nunnery disputes).

15.

The Louisiana constitution requires a public employer to provide a civil servant with a pre-

disciplinary hearing at which he can defend himself against proposed disciplinary charges.  The Defendant did not provide Nunnery with a pre-disciplinary hearing or any proceeding that adhered to the constitutional and statutory requirements for pre-disciplinary process.

16.

The Defendant's failure to adhere to constitutional due process standards and statute standards for a disciplinary investigation render Nunnery's termination an absolute nullity under Louisiana law.

17.

Plaintiff seeks and is entitled to recover all relief outlined in paragraph 11, above.

<u>42 U.S.C. §1983</u>

FOURTEENTH AMENDMENT TO UNITES STATES CONSTITUTION

18.

Nunnery adopts herein by reference, as if set out in full, all statements of fact set out above.

19.

The Defendant, acting under color of law, took officially sanctioned action that deprived Nunnery of his property interest in employment without the due process protections required by the Fourteenth Amendment to the United States Constitution.  Consequently, Nunnery suffered the loss of his employment and all associated employment benefits.

20.

Pursuant to the provisions of 42 U.S.C. §1983, Nunnery seeks and is entitled to recover compensatory damages.  He further seeks costs and attorney's fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Nunnery prays that this petition be deemed good and sufficient and that upon

the conclusion of all due proceedings there be judgment in his favor granting him all relief requested, with interest on all monetary awards from the date of judicial demand until paid.

Respectfully submitted,

**LAW OFFICE OF PAMELA R. JONES, LLC**

By: _s/Pamela R. Jones_____
      Pamela R. Jones, Bar Roll No. 19640
      416 Travis Street, Suite 1104
      Shreveport, Louisiana 71101
      318-425-0870 - Telephone
      318-425-0815 - Facsimile
**ATTORNEY FOR PLAINTIFF LARRY P. NUNNERY**